UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CENTRAL STATE BANK, | Bankruptcy Court |
| | Case No. 11-999-swd |
| Creditor-Appellant, | |
| | |
| v. | Case No. 1:12-CV-75 |
| | |
| PETER JOHN VOLAS, | HON. GORDON J. QUIST |
| | |
| Debtor-Appellee. | |
| _____/ | |

**MEMORANDUM OPINION AND ORDER**

Creditor-Appellant, Central State Bank, has appealed the United States Bankruptcy Court's order entered December 14, 2011, (docket no. 1-5), finding that Debtor-Appellee, Peter John Volas, owned property that had a value of $50,000.  Creditor argues that the bankruptcy court made two errors and, to correct those errors, asks this Court to value the property at $140,000.  The bankruptcy court's findings of fact shall not be set aside unless the findings are clearly erroneous.  Fed. R. Bank. P. 8013; *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007).  The Court will affirm the bankruptcy court's order.

First, the bankruptcy court did not clearly error by characterizing the property as residential, rather than commercial.  The property has a greenhouse on it, and the uncontroverted testimony was that the property was zoned to require the use of the greenhouse to be "incidental" to the property's residential use.  The bankruptcy court also found that the property's zoning classification undermined Creditor's appraiser's opinion that the property should be classified as commercial.  Even though the property is classified as a "family farm" for Chapter 12 purposes, the property can be primarily for residential purposes and still have a greenhouse that is an incidental commercial

use, which is consistent with the property's zoning classification.  Moreover, the property is classified as a "family farm" because of the debts and income from the property, not because of the property's use.

Second, the district court did not clearly error by valuing the property at $50,000.  Besides finding that the property is used primarily for residential purposes, the bankruptcy court provided three other reasons to value the property at $50,000, all of which were common-sense reasons to choose $50,000 as the value of the property, even though $50,000 derives from comparables that were bank-owned properties.  Therefore,

**IT IS HEREBY ORDERED** that the United States Bankruptcy Court's order entered December 14, 2011, (docket no. 1-5), is **AFFIRMED**.

This appeal is concluded.

Dated: July 26, 2012                                         /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE